IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC K. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:20-cv-54 |
| | ) Judge Stephanie L. Haines |
| AMBER FISHER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

This is a civil rights case brought under 42 U.S.C. § 1983 by Eric K. Jones ("Plaintiff"), a prisoner currently incarcerated at SCI-Huntingdon, wherein he alleges violations of his rights under the Eighth and Fourteenth Amendments while he was incarcerated at SCI-Somerset. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

Plaintiff commenced this action on March 26, 2020 by filing a motion for leave to proceed *in forma pauperis* that attached his Complaint as an exhibit thereto (ECF No. 1). Plaintiff also requested the appointment of counsel to represent him (ECF No. 1). After screening the Complaint pursuant to 28 U.S.C. § 1915A, Magistrate Judge Pesto recommended dismissing in part Plaintiff's Complaint, without leave to amend, as to all claims except the claim against Defendant Fisher (ECF No. 2). Magistrate Judge Pesto also entered an order denying Plaintiff's request for appointment of counsel. *Id.*

On August 5, 2020, Plaintiff filed objections to Magistrate Judge Pesto's Report and Recommendation (ECF No. 6). In his objections, Plaintiff states his first objection is to Magistrate Judge Pesto's order denying Plaintiff's request for appointment of counsel. As that issue involves

1

Magistrate Judge Pesto's order on a non-dispositive pretrial determination, this Court will provide a separate order as to Plaintiff's objection to Magistrate Judge Pesto's order.

The remainder of Plaintiff's objections are to Magistrate Judge Pesto's Report and Recommendation. In his Report and Recommendation, Magistrate Judge Pesto determined that Plaintiff's allegation that he was sexually assaulted on March 29, 2018 by Defendant Amber Fisher, a corrections officer at Somerset, adequately stated a claim against Defendant Fisher. However, Magistrate Judge Pesto found that Plaintiff failed to state claims against Defendant Melissa Hainsworth, acting Superintendent at Somerset, and Defendant John B. Wetzel, Secretary of the Pennsylvania Department of Corrections, for their alleged roles in covering up the assault and failing to enforce Pennsylvania Department of Corrections' policies. Accordingly, Magistrate Judge Pesto recommended those claims be dismissed without leave to amend.

In his objections, Plaintiff contends that he sufficiently stated supervisory liability claims against Defendants Wetzel and Hainsworth. As to Defendant Wetzel, Plaintiff states that he appealed to the central office for the Pennsylvania Department of Corrections to investigate his claims, but that division, which he alleges is run by Defendant Wetzel, chose to do nothing. As to both Defendants Wetzel and Hainsworth, Plaintiff states that, under Pennsylvania law, "those in charge" are liable in this case for Plaintiff being sexually assaulted by Defendant Fisher.

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Upon *de novo* review of the record and the Report and Recommendation, and pursuant to Local

2

Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of the Magistrate Judge in this matter.

In a § 1983 action, the court must liberally construe the *pro se* litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

Under the law, liability may attach if a supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572, 586 (3d Cir. 2004) *quoting Stoneking v. Bradford Area School Dist.*, 882 F.2d 720, 725 (3d Cir. 1989). A plaintiff must prove the following four elements to establish supervisory liability: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-supervisor was aware that the policy created an unreasonable risk; (3) the defendant-supervisor was indifferent to that risk; and, (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure. *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989); *Brown v. Muhlenberg Twp.*, 269 F.3d 205 (3d Cir. 2001).

Reading the Complaint liberally, Plaintiff has not stated any facts to support his allegations that Defendants Wetzel and Hainsworth engaged in an alleged "cover up," let alone any facts that would establish the elements of supervisory liability. Moreover, Plaintiff's objections state that Plaintiff seeks to establish his claims against Defendants Wetzel and Hainsworth based on his

3

perception that they were "in charge" when the alleged assault occurred, not on any facts that would establish the elements of a supervisory liability claim, nor on any facts that would establish individual liability against Defendants Wetzel or Hainsworth. Accordingly, the record supports that leave to amend these claims would be futile and inequitable. *See Grayson v. Mayview State Hospital*, 293 F.3d 103 (3d Cir. 2002). The Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge, and Plaintiff's Objections to the Report and Recommendation are overruled.

Accordingly, the following order is entered:

### ORDER OF COURT

AND NOW, this 4th day of November, 2020, IT IS ORDERED that Plaintiff's Objections (ECF No. 6) to the Magistrate Judge's Report and Recommendation (ECF No. 2), hereby are **overruled**; and Magistrate Judge Pesto's Report and Recommendation (ECF No. 2) is adopted as the opinion of the Court. Plaintiff's claims against Defendants Wetzel and Hainsworth are hereby DISMISSED WITH PREJUDICE. The clerk is ordered to terminate this matter as to Defendants Wetzel and Hainsworth.

Stephanie L. Haines
United States District Judge